THE STATE v. MONTGOMERY and Others.

A probate judge could not, in 1842, take a recognizance returnable to a Court out of his county.

ERROR to the *Montgomery* Circuit Court.

DEWEY, J.—The state sued out a *scire facias* against the defendants in error on a recognizance acknowledged by them before the probate judge of *Shelby* county, conditioned for the appearance of one of the recognizors before the Circuit Court of *Montgomery* county, to answer a certain criminal charge preferred against him. The recognizance was returned to the *Montgomery* Circuit Court, and there recorded. The defendants demurred to the *scire facias*, and the Court sustained the demurrer, and discharged the defendants.

We think the decision of the Circuit Court was right. The probate judge had no authority when the recognizance was taken, in 1842, to take a recognizance returnable to a Court out of his county. By a statute of 1841, probate judges were authorized to issue writs of *habeas corpus*, and proceed upon them in the same manner in which the associate judges of the Circuit Courts were empowered to do. Laws of 1841, p. 129. This provision authorized the probate judges to take recognizances in certain cases. But the associate judges could take no recognizances which were not returnable to the Circuit Court in the county where they were taken. R. S. 1838, p. 162. The probate judge of *Shelby* county could not, therefore, take a recognizance, valid as such, which was returnable to the *Montgomery* Circuit Court. There was nothing on which to found the *scire facias* in the present instance.

When a person having committed a crime in one county has fled or removed into another county, he may be arrested in the latter and sent into the former for examination, where he may be discharged, committed, or recognized. R. S. 1838, p. 320. Or, if a person be arrested by the sheriff of any county on a *capias* issuing from any of the Circuit Courts on an indictment, he may recognize before the sheriff to appear at the Circuit Court which issued the process. R. S. 1838, p. 221. And now any officer authorized to take recognizances may

May Term,  take them returnable to any Court before which the offender
   1844.   is required to appear.  R. S. 1843, p. 990.

THE STATE    *Per Curiam.*—The judgment is affirmed.
    v.       *A. A. Hammond* and *S. C. Willson*, for the state.
ANDERSON.    *R. C. Gregory*, for the defendants.